UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

               Plaintiff,

v.                                                  Case No. 25-cv-211-pp

JAMES BORGEN, *et al.*,

               Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6), DENYING AS MOOT PLAINTIFF'S SECOND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 8) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Jonathon M. Mark, who is representing himself, was incarcerated when he filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 6, and screens his complaint, dkt. no. 1.[1]

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 6)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

---

[1] The plaintiff filed a second motion for leave to proceed without prepaying the filing fee one week after he filed the first one. Dkt. No. 8. Because his second motion is redundant, the court will deny it as moot.

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 4, 2025, the court ordered that the plaintiff did not have to pay an initial partial filing fee. Dkt. No. 7. The court gave the plaintiff a deadline of April 3, 2025 by which to notify the court if he wanted to voluntarily dismiss the case. The plaintiff has not notified the court that he wants to voluntarily dismiss, so the court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

2

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that while he was a pretrial detainee at the Fond du Lac County Jail, defendant James Borgen, the jail's administrator, created and implemented a policy "denying the plaintiff the ability to purchase ANY book, magazine, newsletter, etc., that is not offer[ed] by the jail from a distributor and

3

have this distributor send in a book, or books, magazine, newsletter, etc." Dkt. No. 1 at 2. Borgen allegedly suppressed and censored speech with no penological objective in violation of the plaintiff's rights under the First Amendment. Id. The plaintiff alleges that Borgen "conspired" with defendants Tyler Broderick, Rachel Biertzer, Casey Gigstead, Lance Penn and John/Jane Doe sergeants to violate the plaintiff's First Amendment rights by "personally participating in creating a policy by either agreeing to, drafting, or voting on banning ALL books, magazines, newsletters, etc., not already offered by the jail[.]" Id. The complaint alleges that the defendants created the policy between January 1, 2024 and November 1, 2024, and that they implemented it on November 1, 2024. Id. at 2-33. The plaintiff alleges that all defendants were personally involved in creating the policy. Id. at 3-5.

The plaintiff asserts that defendants Fond du Lac County Sheriff's Department and Fond du Lac County violated his First Amendment rights based on this policy to ban reading materials that the jail does not offer. Id. at 5. He states that the policy does not allow him to buy reading materials from a distributor. Id.

For relief, the plaintiff seeks nominal damages, punitive damages, injunctive relief and declaratory relief. Id. at 8.

C. Analysis

The plaintiff has sued the Fond du Lac County Sheriff's Department. Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for

entities that are not individuals or corporations. Federal Rule of Civil Procedure 17(b)(3); see also DeGenova v. Sheriff of DuPage Cnty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be sued. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit."). Because the Fond du Lac County Sheriff's Department is not a suable entity under Wisconsin law, the plaintiff may not proceed against the sheriff's department.

Incarcerated individuals have a right under the First Amendment to access reading material. Koger v. Dart, 950 F.3d 971, 973 (7th Cir. 2020). "Although the First Amendment protects an inmate's access to reading material, prisons may have 'valid penological reasons' for restricting certain books." Robbins v. Foster, 723 F. App'x 368, 369 (7th Cir. 2018) (quoting Munson v. Gaetz, 673 F.3d 630, 633 (7th Cir. 2012)). A prison regulation that restricts an incarcerated individual's access to certain books is valid only if it is reasonably related to legitimate penological interests. Lindell v. Frank, 377 F.3d 655, 657 (7th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Courts consider four factors in determining whether a prison regulation is constitutional: (1) whether the regulation is rationally related to a legitimate governmental objective; (2) whether there are alternative means of exercising the right that remain open to the incarcerated individual; (3) what impact an

5

accommodation of the asserted right will have on correctional officers and other incarcerated persons; and (4) whether there are ready alternatives to the policy that show that it is an exaggerated response to prison concerns. Id.; see also Beard v. Banks, 548 U.S. 521, 529 (2006).

The plaintiff no longer is confined at the jail. On July 7, 2025, the court received from the plaintiff a notification that he would be released; he provided the court with an updated address. Dkt. No. 10. The plaintiff has not alleged that he lacked total access to reading material when he was confined at the jail; it appears that the jail offers some reading material to the individuals confined there. But the plaintiff says that the jail's new policy prevented him from ordering any additional reading material from distributors. The Fond du Lac County Sheriff's Jail Information website states in part:

> **Effective 11/01/2024** The Jail will no longer accept any books (except religious), Publications (except religious), Games, or puzzles to be mailed/shipped into the facility.

https://www.fdlsheriff.com/jail/jail-information (last visited 10/28/25). Based on the plaintiff's description of the policy in the complaint and the information on the jail's website, it appears that incarcerated persons at the Fond du Lac County Jail cannot receive any non-religious books or publications in the mail while confined at the jail.

"There is no question that 'publishers only' rules that restrict prisoners from receiving hardcover books from any noncommercial sources are reasonably related to a prison's interest in preventing contraband from being smuggled into the prison." Lindell, 377 F.3d at 658 (citing Bell v. Wolfish, 441

6

U.S. 520, 555 (1979)). But the Fond du Lac County Jail's policy is much more stringent in that it restricts non-religious reading material mailed into the jail from any source. At the screening stage, the court cannot conclude that the jail's policy is reasonably related to a legitimate penological interest. See Human Rights Defense Center v. Milwaukee County, Wis., Case No. 24-CV-981, 2025 WL 304207, *10 (E.D. Wis. Jan. 27, 2025) (granting plaintiff's motion for preliminary injunction and enjoining defendants from preventing incarcerated persons at the Milwaukee County Jail from receiving publications directly from the publisher or other recognized commercial sources in their packages).

Although the complaint is not entirely clear, it appears that the plaintiff challenges the jail's policy on its face rather than as applied to him. See Lukaszczyk v. Cook County, 137 F.4th 671, 673 (7th Cir. 2025) (citing Bucklew v. Precythe, 587 U.S. 119, 139 (2019) ("A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications.")). The complaint focuses on the defendants' implementation of the policy in order to suppress and censor speech; the plaintiff is suing the defendants for creating the policy. Although the plaintiff says that the policy denied him the ability to purchase any reading material from an outside distributor, he has not provided any specific allegations about this. He repeatedly says that the defendants created an unlawful policy.

"A facial challenge usually invites prospective relief, such as an injunction, while an as-applied challenge invites narrower, retrospective relief,

such as damages." Id. (citing Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 331 (2010)). The plaintiff's claims for injunctive and declaratory relief are moot because the jail's policy no longer applies to him. See Lukaszczyk v. Cook County, 47 F.4th 587, 596 (7th Cir. 2022); Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011) (claim for injunctive relief moot because plaintiff transferred to a different facility and realistic possibility that he would return).

The plaintiff also seeks nominal and punitive damages based on the defendants' implementation of the policy. Although the plaintiff has alleged that the policy prevented him from ordering any reading material from a distributor, that allegation describes the *policy*, not any direct impact it had on him. For example, the plaintiff does not allege that he asked to order reading material and was refused because of the policy. The plaintiff focuses on the defendants' *implementation* of the policy, and he fails to describe specific instances showing how the policy applied to him. The plaintiff cannot obtain damages because he has not sufficiently alleged how the policy impacted him. See Iqbal, 556 U.S. at 678.

The plaintiff has not stated a claim for violation of his constitutional rights. The court will give the plaintiff an opportunity to file an amended complaint. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to

explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **DENIES AS MOOT** the plaintiff's second motion for leave to proceed without prepaying the filing fee. Dkt. No. 8.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim.

9

Case 2:25-cv-00211-PP   Filed 11/07/25   Page 9 of 11   Document 11

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **November 28, 2025**. If the court receives an amended complaint by the end of the day on November 28, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the deadline, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the court as he is able.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is

10

his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 7th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**